IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARK DAVID SAMPICA,   *

    Petitioner,   *

                                                      CASE NO. 5:06-CV-11 (DF)
V.   *         28 U.S.C. § 2255
                                                      CASE NO. 5:02-CR-67 (DF)

UNITED STATES OF AMERICA,   *

    Respondent.   *

## REPORT AND RECOMMENDATION

      Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History

      Petitioner Sampica was indicted in this court on September 26, 2002, and charged with knowingly and willfully Submitting False, Fictitious, or Fraudulent Writing or Documents to Government Officials in violation of 18 U.S.C. § 1001(a)(3). After an initial plea of *Not Guilty,* Petitioner Sampica entered into a Plea Agreement with the Government (R-17) and pled *Guilty* on March 6, 2003 (R-18). Subsequent to the preparation of a Pre-Sentence Report (PSI), Petitioner Sampica was sentenced on June 2, 2003 to serve three (3) years probation, subsequent to two consecutive 48 hours periods of incarceration, and to pay a fine in the amount of $5,000.00 (R-20, 22, 23). He filed a late Notice of Appeal which was dismissed with prejudice by the Eleventh Circuit Court of Appeals on November 19, 2003.

(R-28). Petitioner took no further action until January 9, 2005, when he filed the Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 presently under consideration.

## The AEDPA

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255, effective on April 24, 1996, in relevant part provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

No claim of equitable tolling is made and no cause for tolling appears. *Adkins v. United States,* 204 F.3d 1086, 1089 (When no direct appeal is made, the judgment of conviction becomes final once "the opportunity for direct appeal of the judgment is exhausted."). The Supreme Court held that, for federal criminal defendants who do not file a petition for certiorari with that Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003). Giving Petitioner Sampica the benefit of all doubt regarding the

2

time for certiorari after the Appellate Court dismissed his appeal, his "judgment of conviction" for purposes of his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, became final on February 19, 2003, beginning the one-year period of limitations during which he could legally have filed a § 2255 Motion.  The one-year period of limitations ended no later than February 20, 2004.  Petitioner Sampica's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-30), appears to have been received on December 22, 2005 by the United States District Court in St. Paul, Minnesota, from whence it was transferred to this court and received on January 9, 2006.  However, both of these dates are more than 22 months beyond the AEDPA statute of limitations.

     The Eleventh Circuit Court of Appeals has held that the AEDPA'S one-year limitations period for motions to vacate, set aside, or correct sentences may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Sandvik v. United States,* 177 F. 3d 1269, (11th Cir. 1999).  *See Miller v. New Jersey State Dept of Corrections,* 145 F 3d 616, 619 (3rd Cir. 1998) (mere excusable neglect is not sufficient to toll the bar); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied,* 525 U. S. 891, 119 S.Ct. 210 (1998) (not knowing about the period of limitation until too late is not ground for equitable tolling). An attorney's misinforming a petitioner as to the deadline for filing a federal petition does not constitute "extraordinary circumstances" warranting equitable tolling of federal habeas statute's limitations period . *Helton v. Secretary of the Department of Corrections,* 259 F.3d

1310 (11th Cir. 2001).  In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the Court of Appeals observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.'* 28 U.S.C. § 2255(1).*"*

WHEREFORE, IT IS RECOMMENDED that Petitioner Sampica's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 12th day of January 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE